UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80929-CIV-COHN/SELTZER

ROXANNE BEST, et al.,

    Plaintiffs,

vs.

BLUEGREEN CORPORATION, et al.,

    Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon the following:

1. Defendants Equifax Information Services, LLC and Experian Information Solutions, Inc.'s Motion to Dismiss [DE 27], Plaintiffs' Response [DE 36], and Defendants' Reply [DE 40].

2. Defendant Bluegreen Corporation's Motion to Dismiss Counts I through V of the Class Action Complaint [DE 29], Plaintiff's Response [37], Defendants' Reply [DE 38], and Plaintiffs' Surreply [DE 50].

The Court has reviewed these motion papers, the relevant portions of the case file, and is otherwise advised in the premises. Upon review, the Court will **DENY** the Motions.

### I.     Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Id. at 556.

## II.     Background

Plaintiffs' suit arises out of their default on a note ("the Note") through which they financed a timeshare with Defendant Bluegreen Corporation ("Bluegreen"). [DE 1 at 6.] Upon Plaintiffs' default, the Note and the timeshare agreement gave Bluegreen two options. [Id. at 5, DE 1-4 at 2.] Bluegreen could foreclose on the Note [DE 1-4 at 2] or simply "delete" Plaintiffs from participation in the timeshare [DE 1 at 5]. The distinction matters, according to Plaintiffs. Foreclosure has more serious credit consequences than would mere "deletion." [See id. at 19.]

Plaintiffs stopped paying on the Note in or around mid-April 2012. [See DE 1-5 at 2.] In mid-May, mid-June, and mid-July, Bluegreen mailed Plaintiffs three different letters informing Plaintiffs of their delinquency and requesting immediate payment. [DE 1-5, 1-6, 1-7.] The last of these letters—sent roughly 90 days after Plaintiffs' defaults—included a warning: "Your termination for non-payment may result in a foreclosure being listed on your credit history with the credit bureaus." [DE 1-7 at 2–3.]

2

Plaintiff continued to not pay.  [See DE 1 at 8.]  Bluegreen opted to "delete" Plaintiff from membership in the timeshare, and reported Plaintiffs' delinquencies to the credit bureaus, including Defendants Equifax Information Services, LLC ("Equifax") and Defendant Experian Information Solutions, Inc. ("Experian").  [Id. at 8–9.]  Bluegreen did not elect to foreclose upon Plaintiffs' timeshare interests.  [Id.]  But Bluegreen reported foreclosures, and Plaintiffs' timeshare notes were listed as foreclosed upon on Plaintiffs' respective credit reports anyway.  [Id. at 9.]

Plaintiffs' suit is grounded in this alleged misreporting, and in Bluegreen's mid-July letter.  Count I of Plaintiffs' Complaint alleges that Bluegreen's mid-July letter violated the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. § 559.55, et seq., because it threatened Plaintiffs with foreclosure even though Bluegreen knew it would not foreclose on Plaintiffs' timeshare interests.  [DE 1 at 15–17.]  In Count II of the Complaint, Plaintiffs allege that the same letter violates the FCCPA because it threatened that Bluegreen would report Plaintiffs' deletions as foreclosures, even though Bluegreen could not legally do so.  [Id. at 17–19.]  In Counts III, IV, and V, Plaintiffs sue Bluegreen for defamation, slander against credit, and negligence.  [Id. at 19–23.]  In Counts VI and VII, Plaintiffs sue Defendants Experian and Equifax for negligently and willfully failing to maintain procedures that might have prevented the allegedly erroneous reporting.  [Id. at 24–27.]

### III.  Discussion

All three Defendants have moved to dismiss Plaintiffs' claims.  Bluegreen has moved to dismiss Counts I through V.  And Defendants Equifax and Experian have jointly moved to dismiss Counts VI and VII.  Upon consideration, the Court will deny both Motions.

### A. Bluegreen's Motion to Dismiss

Bluegreen argues in support of its motion to dismiss that Plaintiffs' FCCPA and common law defamation, slander, and negligence claims are preempted by the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681, et seq. [DE 29 at 4–6, 8–11.] Bluegreen also argues that Plaintiffs' FCCPA claim contained in Count II of the complaint fails because Defendants had the legal right to foreclose upon Plaintiffs' time-share interests. [Id. at 6–8.] The Court will address each of these arguments in turn.

Defendant Bluegreen first argues that the FCRA preempts Plaintiffs' FCCPA claims. Bluegreen cites 15 U.S.C. § 1681t(b)(1)(F) for the proposition that no state law may regulate conduct covered by Section 1681s-2 of the FCRA. [DE 29 at 4.] Section 1681s-2 sets forth a creditor's duty to report accurate information to the consumer reporting agencies, and steps it must take upon notification of a dispute. Relying on two cases, Davidson v. Capital One, N.A., 2014 WL 3767677 (S.D. Fla. July 31, 2014) and Osborne v. Vericrest Financial, Inc., 2011 WL 1878227 (M.D. Fla. May 17, 2011), Bluegreen argues that "Plaintiff's FCCPA claims are entirely premised upon credit reporting activity" and are thus "preempted by the FCRA." [DE 29 at 5.]

The Court disagrees. Both the Osborne and Davison courts held that the FCRA preempted the plaintiffs' FCCPA claims only to the extent that they were premised on communications between the creditor and a consumer reporting agency. In Davidson, for example, the plaintiff claimed that the defendant "violated the FCCPA by making false reports to the CRAs." 2014 WL 3767677, at *5. Further, the Osborne court dismissed the plaintiff's claim only "to the extent that it alleges disclosure of false information to credit reporting agencies." 2011 WL 1878227, at *2.

4

Here, Plaintiffs' FCCPA claims concern representations made in letters to Plaintiffs—not to a third-party credit reporting agency.  As observed above, Plaintiff's FCCPA claims concern Bluegreen's statements in a mid-July letter that it would report a "foreclosure" to consumer reporting agencies if Plaintiffs failed to pay their debts.  Defendant's threatened conduct falls within the FCRA.  But the threat itself does not.  See Menashi v. American Home Servicing Mortg., Inc., 2011 WL 4599816, at *2 (M.D. Fla. Oct. 4, 2011) (citing Ross v. Fed. Deposit Ins. Corp., 625 F.3d 808 (4th Cir. 2010) for the proposition that "'an unfair debt collection practices claim survives [FCRA] preemption' if the defendant's debt collecting is separate from the defendant's credit reporting").  Accordingly, Bluegreen's Motion to Dismiss will be denied as to Counts I and II of Plaintiffs' Complaint.

Plaintiffs' Counts III, IV, and V, however, are another matter.  These claims—for defamation, slander against credit, and negligence, respectively—do concern Bluegreen's communications with the Defendant consumer reporting agencies.  Importantly, however, Bluegreen argues that these claims are preempted by FCRA § 1681h(e), not Section 1681t(b)(1).  Section 1681h(e) contains a carve out for certain malicious and willful conduct.  It reads in relevant part:

> Except as provided in sections 1681n and 1681*o* of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to sections 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

5

Plaintiffs do not dispute that this provision applies to the communications at issue in their Counts III, IV, and V. However, Plaintiffs contend that that the communications fall within Section 1681h(e)'s carve out for "false information furnished with malice or willful intent to injure." [See DE 37 at 10.]

Here, Plaintiffs have alleged that Defendant Bluegreen acted with malice or willful intent to injure Plaintiffs. [DE 1 at 19, 21, 22–23.] The Court finds that these allegations, taken in the light most favorable to Plaintiffs, are sufficient to plead their claims within the carve out that Section 1681h(e) provides. See Lofton-Taylor v. Verizon Wireless, 262 F. App'x 999, 1002 (11th Cir. 2008) ("[W]here a company furnishes credit information about a consumer to a credit reporting agency pursuant to the Fair Credit Reporting Act, the company furnishing the information is protected from state law defamation and invasion of privacy claims unless the information it provided was both false and also given with the malicious or willful intent to damage the consumer.")

Defendant Bluegreen again relies upon Davidson in resisting Plaintiffs' argument on this score. [DE 29 at 9.] In Davidson, the court held that a plaintiff's claims fell within an FCRA preemption provision found at 15 U.S.C. § 1681t(b). In rejecting the plaintiff's argument that Section 1681h(e) nonetheless authorized his claims, the Davidson Court concluded that the claims did not fall within the categories of information that Section 1681h(e) describes. 2014 WL 3767677, at *3–4. Here, however, Defendant does not move to dismiss Plaintiffs' defamation, slander, and negligence claims based on Section

1681t(b).[1]  Instead, Defendant argues that Section 1681h(e) itself preempts Plaintiffs' claims.  [DE 29 at 8.]  Defendant's motion would have the Court conclude that Section 1681h(e) preempts Plaintiffs' claims, but that Plaintiffs are not entitled to Section 1681h(e)'s carve out for malicious and willful conduct because the claims fall outside of Section 1681h(e)'s scope.  [See DE 29 at 10–11.]  The Court will not do so.  Bluegreen's Motion to Dismiss is therefore denied with respect to Plaintiffs' Counts III, IV, and V.

Finally, the Court turns to Defendant Bluegreen's last argument.  Bluegreen urges the Court to dismiss Plaintiff's FCCPA claim at Count II of the Complaint because Bluegreen had the right to foreclose on the promissory note, and therefore did not assert a legal right that did not exist.  [DE 29 at 6–7.]  But, construed in the light most favorable to Plaintiffs, Count II of the Complaint alleges that Bluegreen's mid-July letter threatened to report a foreclosure to the consumer reporting agencies, even though Bluegreen never intended to foreclose on either Plaintiffs' note or their timeshare interests.  [See DE 1 at 18.]  Whether Bluegreen's mid-July letter implies such a threat is a jury question.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1177–78 (11th Cir. 1985) (considering similar case under the analogous Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.).  The Court will therefore also deny Bluegreen's Motion as to this issue.

---

[1]  The Court will not infer an argument that Section 1681t(b) preempts Plaintiffs' common law claims from Bluegreen's argument that Section 1681t(b) preempts Plaintiffs' FCCPA claims.  To do so would unfairly prejudice Plaintiffs, who have not addressed the applicability of Section 1681t(b) to their common-law claims in their responsive memoranda.

### B. Equifax and Experian's Motion to Dismiss

Defendants Equifax and Experian's Motion to Dismiss shall likewise be denied. Defendants base their Motion on the purported inadequacy of Plaintiffs' well-pleaded allegations. Specifically, Defendants contend that "Plaintiffs' Complaint is bare of any factual allegations detailing the purported procedures of the CRAs that the Plaintiffs believe were faulty or unreasonable." [DE 27 at 6.] Further, Defendants argue that Plaintiffs "cannot contend that an alleged inaccuracy alone would be sufficient to state a claim against the CRAs for failing to follow reasonable procedures" under the relevant section of the FCRA. [Id. at 8.]

But this argument is contrary to Eleventh Circuit law. In Cahill v. General Motors Acceptance Corp., 936 F.2d 1151 (11th Cir. 1991), the court stated:

> In order to make out a prima facie violation of section 607(b), the Act implicitly requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing "inaccurate" information. If he fails to satisfy this initial burden, the consumer, as a matter of law, has not established a violation of section 607(b), and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency. The Act, however, does not make reporting agencies strictly liable for all inaccuracies. The agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures, which will be a jury question in the overwhelming majority of cases. Thus, prior to sending a section 607(b) claim to the jury, a credit reporting agency can usually prevail only if a court finds, as a matter of law, that a credit report was "accurate."

Id. at 1156 (footnotes omitted). Therefore, to establish their prima facie case, Plaintiffs need only "present evidence that a credit reporting agency's report was inaccurate." Jackson v. Equifax Information Servs., LLC, 167 F. App'x 144, 146 (11th Cir. 2006).

8

Such a showing renders summary judgment inappropriate, let alone dismissal before any discovery.

Here, Plaintiffs allege that Defendants prepared an inaccurate credit report. Bluegreen did not foreclose on the Note. But Defendants reported a foreclosure.[2] In light of the case law discussed above, the Court will deny Defendants' Motion and permit Plaintiffs' claims to move towards discovery.

### IV.     Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Equifax Information Services, LLC and Experian Information Solutions, Inc.'s Motion to Dismiss [DE 27] is **DENIED**.

2. Defendant Bluegreen Corporation's Motion to Dismiss Counts I through V of the Class Action Complaint [DE 29] is **DENIED**.

3. Defendants shall file their answers to the Complaint on or before **December 18, 2014**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of December, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.

---

[2] The Court rejects Defendants' undeveloped argument, contained in a footnote on page 5 of their Motion [DE 27 at 5] that Plaintiff's "deletion" could be properly reported as a "foreclosure."

9